**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELKY WOSNER, on behalf of herself and all others similarly situated,<br><br>      Plaintiffs,<br><br>-against-<br><br>NATIONWIDE CREDIT, INC.,<br><br>      Defendant. | **CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Elky Wosner ("Plaintiff") is a New York resident who brings this action against defendant Nationwide Credit, Inc. ("Defendant"), both on an individual basis and on the behalf of all others similarly situated pursuant to Fed. R. Civ. P. Rule 23, and based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, alleges as follows:

**PRELIMINARY STATEMENT**

1. In 1977 Congress enacted Title 15 of the United States Code § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id*.; § 1692k.

3. Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85, 91 (2d Cir. 2008).

4. In determining whether a collection letter violates the FDCPA, courts in the Second Circuit apply the "least sophisticated consumer standard." *Jacobson*, 516 F.3d at 91. In applying this standard, it is not relevant whether the particular debtor was confused by the communication that was received. *See Jacobson,* 516 F.3d at 91.

5. In recovering damages under the FDCPA, a consumer need not show that the conduct or communication made by the debt collector was intentional. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 1993). Rather, the FDCPA is a strict liability statute, and a single violation is sufficient to establish civil liability against the debt collector. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir 1993).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides and where a substantial part of the events or omissions giving rise to

the claim occurred.

## PARTIES

8. Plaintiff is a natural person and a resident of Brooklyn, New York.

9. Plaintiff is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Upon information and belief, Defendant's principal place of business is located in Fort Washington, Pennsylvania, and its designated agent for service of process, CT Corporation System, is located at 28 Liberty Street, New York, NY 10005.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

(a) all individuals with addresses in the State of New York;

(b) to whom Defendant sent a collection letter attempting to collect a consumer debt;

(c) which contained a misleading and deceptive offer of new "Optima Card" membership;

(e) which was sent on or after a date one (1) year prior to the filing of this action.

15. Excluded from the Class are Defendant and all officers, members, partners,

managers, directors, and employees of Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692g.

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor Plaintiff's counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority**: A class action is superior to the other available means for the fair and

efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

18. Depending on the outcome of further investigation and disco, Plaintiff reserves the right to amend the class definition.

**STATEMENT OF FACTS**

19. Some time prior to May 19, 2020, an obligation was allegedly incurred by Plaintiff to American Express.

20. The alleged debt owed to American Express arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21. The alleged American Express obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. American Express is a "creditor" as defined by 15 U.S.C. § 1692a(4).

23. At an exact time known only to Defendant, the alleged debt was assigned or

5

otherwise transferred to Defendant for collection.

24. On or about May 19, 2020, Defendant sent a collection letter (the "Letter") to Plaintiff regarding the alleged debt. *See* Exhibit A.

25. Plaintiff received the letter and read it.

26. The Letter states a balance of $1,061.46 and states that "American Express has authorized us to make you a special offer."

27. The offer is stated as follows:

After you pay your balance in full, American Express will send you an application for the new Optima Card. Your application will be approved by American Express unless:

- You have an active bankruptcy at the time of your application.

- You have accepted another offer for an Optima Card account from a different agency or from American Express.

- You have an active American Express account.

- American Express determines that you do not have the financial capacity to make the minimum payment on this new Optima Card account.

28. The offer of the new card membership is contingent upon Plaintiff and the least sophisticated consumer's payment-in-full of the outstanding balance listed on the Letter.

29. The Letter lists four criteria which American Express will allegedly use to determine whether to approve the consumer's application after the balance is paid in full.

30. The fourth criterion requires that American Express determine whether Plaintiff, or the least sophisticated consumer, has the financial capacity to make the minimum payment on the potential new account.

31. While the first three criteria are clearly defined and ascertainable conditions, the

Letter provides no information on what parameters, if any, would be used by American Express to determine the fourth criteria: whether Plaintiff or the least sophisticated consumer has the financial capacity to make the minimum payment on the potential new account.

32.     As targeted recipients of this Letter, Plaintiff and the least sophisticated consumer are invited to infer that upon payment and fulfillment of the ascertainable criteria listed, they would otherwise qualify for the new card membership.

33.     However, Defendant's offer is deceptive because even if the account is paid in full (and the other criteria are satisfied) the fourth criterion permits Defendant to summarily and arbitrarily reject the application for new card membership based on a determination the likely outcome of which cannot be ascertained by reading the Letter.

34.     This is a classic "bait and switch" tactic which reserves the right to make an arbitrary determination rejecting Plaintiff's application even after the account is paid-in-full, and has caused Plaintiff to sustain an informational injury.

35.     As a result of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

36.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

37.     Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38.     Defendant violated said section by sending Plaintiff a collection letter that contains a deceptive and misleading offer.

39. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  August 18, 2020               **COHEN & MIZRAHI LLP**


                                               /s/ Jonathan B. Weiss
                                               JONATHAN B. WEISS

JONATHAN B. WEISS
JOSEPH H. MIZRAHI
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
joseph@cml.legal
jonathan@cml.legal

*Attorneys for Plaintiff*